# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BACHMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>C/O M. MELO, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-01438-OWW-LJO-P<br><br>ORDER DENYING MOTION FOR SERVICE BY MARSHAL AS PREMATURE (Doc. 10)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 11)<br><br>ORDER DISREGARDING NOTICE OF COMPLETION OF APPEALS PROCESS (Doc. 12)<br><br>ORDER DENYING MOTION FOR ORDER ALLOWING PLAINTIFF TO SPEAK WITH DISTRICT ATTORNEY'S OFFICE (Doc. 13) |

   Plaintiff Donald C. Bachman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 21, 2005, plaintiff filed a motion seeking of service by the United States Marshal, a motion seeking the appointment of counsel, a notice of completion of the appeals process, and a motion for a court order allowing him to speak with the District Attorney's Office.

   Plaintiff's motion for service by the Marshal is both premature and unnecessary. As plaintiff was notified in the First Informational Order, plaintiff's complaint will not be served by the Marshal until it has been screened by the court and found by the court to contain cognizable claims for relief. (Doc. 9, ¶ 12.) The court has a large number of cases pending before it and will screen plaintiff's complaint in due course. (Id.) In any event, because plaintiff is proceeding in forma pauperis, he

///

1

is entitled to have his complaint served on defendants by the Marshal and a motion seeking such service is unnecessary. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).

With respect to plaintiff's motion for the appointment of counsel, the court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1] Terrell, 935 F.2d at 1017. Therefore, plaintiff's motion for the appointment of counsel shall be denied, without prejudice.

Plaintiff's notice concerning completion of the appeals process shall be disregarded. Exhaustion is an affirmative defense that may be raised by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). If defendants move for dismissal of this action for failure to exhaust, plaintiff may at that time oppose the motion and include evidence that he exhausted. Id. at 1119-20. Until such time, it is inappropriate for plaintiff to submit material concerning exhaustion. Plaintiff is directed to review paragraph six of the First Informational Order.

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's complaint in due course.

1     Finally, plaintiff's motion for an order allowing him to speak with the District Attorney's Office shall be denied. Plaintiff is free to contact the District Attorney's Office by mail. The decision whether or not to criminally charge the defendants named in plaintiff's complaint is one that does not involve this court and therefore, this court has no jurisdiction to take any action relating to that issue. <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968); <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

    Based on the foregoing, plaintiff's motions seeking service by the United States Marshal, the appointment of counsel, and a court order allowing him to speak with the District Attorney's Office are HEREBY DENIED, and plaintiff's notice of completion of the appeals process is HEREBY DISREGARDED.

IT IS SO ORDERED.

**Dated:   January 3, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE