# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BACHMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O M. MELO, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-01438-OWW-LJO-P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 21) |

　　　Plaintiff Donald C. Bachman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 27, 2006, plaintiff filed his second motion seeking the appointment of counsel.

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both 'the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

of the legal issues involved.'"[1] <u>Rand</u>, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. <u>Rand</u>, 113 F.3d at 1525.

For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed March 27, 2006, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   May 24, 2006**             /s/ Lawrence J. O'Neill
b9ed48                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's argument that the court erred in citing only to <u>Terrell v. Brewer</u>, 935 F.2d 1015 (9th Cir. 1991) in its first order denying his motion is without merit. Both <u>Terrell</u> and <u>Rand</u>, which is cited to in this order, set forth the legal standard governing motions for the appointment of counsel in cases such as this in this Circuit. That other Circuits may employ different tests for determining when counsel should be appointed is irrelevant.