# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DONALD C. BACHMAN,

               Plaintiff,

    v.

C/O M. MELO, et al.,

               Defendants.

_____/

CASE NO. 1:05-CV-01438-OWW-LJO-P

ORDER REQUIRING PLAINTIFF TO EITHER
FILE THIRD AMENDED COMPLAINT OR
NOTIFY COURT OF WILLINGNESS TO
PROCEED ONLY ON EXCESSIVE FORCE
AND EQUAL PROTECTION CLAIMS

(Doc. 18)

I.    Screening Order

    A.    Screening Requirement

    Plaintiff Donald C. Bachman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 15, 2005.  On December 7, 2005, plaintiff filed a first amended complaint and on January 30, 2006, plaintiff filed a second amended complaint.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.    Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff is seeking monetary, declaratory, and unspecified injunctive relief. Plaintiff names as prison staff members M. Melo, A. Guerra, L. James, M. Smith, Oliveras, J. R. Mendoza, M. Cruz, and Davis as defendants.

In his second amended complaint, plaintiff alleges that he is Jewish and homosexual. Plaintiff alleges that on April 15, 2005, he was escorted to the medical department. (2nd Amend. Comp., 4:15-17.) While there, defendant Melo told him to drop the Kuhn case, tripped him, backhanded him across the mouth, again told him to "drop the Kuhn case," called him a "Christ

1  killing Jewish fag," and kicked his hand.[1]  (Id., 4:17-28 & 5:11-13.)  Plaintiff alleges that defendant

2  Guerra came over and asked if plaintiff was the Jewish fag.  (Id., 5:13-15.)  When told yes, defendant

3  Guerra stepped on plaintiff's right ankle and began jumping up and down. (Id., 5:15-17.)  Defendants

4  James and Smith entered the office, and defendant Smith kicked plaintiff in the nose, causing it to

5  bleed.  (Id., 5:18-21.)  Defendant James kicked plaintiff in the right eye, causing it to bruise, and

6  said, "Take that, you Jewish fag."  (Id., 5:21-23.)  Plaintiff alleges that he sustained injuries to his

7  right ankles, eye, nose, and left hand.  (Id., 5:24-25.)  Plaintiff alleges that when defendant Oliveras

8  asked plaintiff what his injuries were, plaintiff told him, but Oliveras did not write anything down.

9  (Id., 5:25-28.)

10       Plaintiff alleges that on December 2, 2005, Martinez, a correctional officer, took his cane,

11  told him it was because he tried to assault four officers, and called him a "filthy Christ killing Jewish

12  fag."  (Id., 6:9-16.)

13       Plaintiff alleges that on April 22, 25, and 29, 2005, defendant Melo came to plaintiff's cell,

14  asked plaintiff if he was going to sue Melo, and told plaintiff that she told him to drop the Kuhn case.

15  (Id., 7:7-10.)  Plaintiff alleges that defendant Melo said she was now going to have to kill his "faggot

16  Jewish ass and make it look like a suicide."  (Id., 7:10-11.)

17       On September 14, 2005, plaintiff was escorted from his cell and placed in a holding cage by

18  defendant Mendoza and A. Cruz.  (Id., 9:11-13.)  Plaintiff alleges that approximately five minutes

19  later, defendant Mendoza sprayed plaintiff in the face with pepper spray and said, "Drop your damn

20  Kuhn case, you Jewish fag," and Cruz said, "Drop your Kuhn case, you Jewish fag." (Id., 9:13-18.)

21  Plaintiff alleges that Mendoza and Cruz said he spit at Mendoza several times and he received a

22  Rules Violation Report with a referral to the District Attorney's Office.  (Id., 9:18-21.)  Plaintiff's

23  disciplinary hearing was held on November 23, 2005.  (Id., 9:22.)  After plaintiff was returned to his

24  cell, defendant Mendoza told him that if he filed suit, Mendoza would spray him again and kill his

25  "faggot, Christ killing Jewish ass."  (Id., 9:24-26.)

26  ///

27

28       [1] Plaintiff is proceeding in the Sacramento Division in case number 1:03-cv-01735-LKK-PAN Bachman v. Kuhn.  It appears the reference to the Kuhn case may be to that case.

1          C.      Claims Alleged by Plaintiff

2                  1.      Excessive Force Claim

3          Plaintiff alleges a claim for relief for violation of the Eighth Amendment. "What is necessary

4   to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth

5   Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).

6   "The objective component of an Eighth Amendment claim is . . . contextual and responsive to

7   contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The

8   malicious and sadistic use of force to cause harm always violates contemporary standards of decency,

9   regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d

10  623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses

11  of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives

12  rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and

13  unusual punishments necessarily excludes from constitutional recognition de minimis uses of

14  physical force, provided that the use of force is not of a sort 'repugnant to the conscience of

15  mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

16         "[W]henever prison officials stand accused of using excessive physical force in violation of

17  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

18  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

19  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

20  to evaluate the need for application of force, the relationship between that need and the amount of

21  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

22  temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).

23  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

24  it."  Id.

25         The court finds that plaintiff's allegations are sufficient to give rise to excessive force claims

26  against defendants Melo, Guerra, James, Smith, Mendoza, and Cruz.  Fed. R. Civ. P. 8(a);

27  Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith

28  v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

2.     Free Exercise Claim

Plaintiff alleges that defendants violated his right to freedom of religion.  The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives.  Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987).  "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith."  Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff has not alleged any facts that give rise to a claim for violation of the Free Exercise Clause of the First Amendment.  However, under the federal notice pleading standards, plaintiff's allegations are sufficient to give rise to a claim that defendants discriminated against him on the basis of his religion and sexual orientation, in violation of the Equal Protection Clause of the Fourteenth Amendment.[2]  See Serrano v. Francis, 345 F.3d 1071, 1081-83 (9th Cir. 2003).  Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Thus, it is the incidents of excessive force from which plaintiff's cognizable equal protection claim arises.  Plaintiff's allegations concerning isolated incidents in which defendants threatened him or called him names, such as those set forth on page seven of the complaint where plaintiff alleges that defendants

///

_____

[2] Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

1  Melo and Davis threatened him on April 22, 25, and 19, 2005, do not support a claim for relief under
2  section 1983 for violation of the Equal Protection Clause.

3                    3.    Due Process Claim

4         Finally, plaintiff alleges that his right to due process was violated in conjunction with his
5  disciplinary hearing.  The Due Process Clause protects prisoners from being deprived of liberty
6  without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a
7  cause of action for deprivation of procedural due process, a plaintiff must first establish the existence
8  of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due
9  Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The state
10 does not create protectable liberty interests by way of mandatory language in prison regulations.
11 Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Rather, the existence of a liberty interest is
12 determined by focusing on the nature of the deprivation.  Id.  Liberty interests created by prison
13 regulations are limited to freedom from restraint which "imposes atypical and significant hardship
14 on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

15        Once a liberty interest has been found, plaintiff is entitled to certain procedural protections
16 under federal law.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the
17 full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.
18 With respect to prison disciplinary proceedings, the minimum procedural requirements that must be
19 met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner
20 receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3)
21 a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary
22 action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so
23 would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance
24 to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-
25 71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.
26 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  In addition to the Wolff requirements,
27 "some evidence" must support the decision of the hearing officer.  Superintendent v. Hill, 472 U.S.
28 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there

1  is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56

2  (emphasis added).

3          Plaintiff sets forth only vague allegations concerning his due process claim. Plaintiff has not

4  alleged any facts supporting a claim that he was deprived of a protected liberty interest. Further,

5  plaintiff has not sufficiently alleged which procedural protections he was denied. Therefore, plaintiff

6  fails to state a claim under section 1983 for denial of due process.

7          In addition, it appears from plaintiff's allegations that the disciplinary hearing at issue was

8  held on November 23, 2005, after plaintiff filed this suit. Pursuant to the Prison Litigation Reform

9  Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §

10  1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

11  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

12  Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

13  2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison

14  life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be

15  exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and

16  effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).

17          In light of section 1997e(a), plaintiff may not add new claims that arose after this suit was

18  filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have

19  to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982

20  (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction

21  contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer,

22  332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing plaintiff

23  to pursue the claims he added in his amended complaint would allow plaintiff to thwart the mandate

24  of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during

25  the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

26          All claims at issue in this action must have been exhausted by November 15, 2005, the date

27  plaintiff filed this suit. Therefore, plaintiff may not pursue a claim in this action based on the denial

28  of due process at his disciplinary hearing held on November 23, 2005.

4.   <u>Defendants Oliveras and Mendoza, and Officer Martinez</u>

Although plaintiff names Oliveras and Mendoza as defendants, plaintiff has not alleged any facts that give rise to claims for relief against either defendant.  Plaintiff's allegation that defendant Oliveras failed to document his injuries and that defendant Davis threatened him do not rise to the level of constitutional violations.  Accordingly, plaintiff fails to state a claim against either Oliveras or Davis.

With respect to Martinez, plaintiff alleges that he took plaintiff's cane.  This allegation does not support a claim for relief under section 1983, and Martinez is not named as a defendant.  Further, this incident occurred after plaintiff filed this suit and for the reasons set forth in the preceding subsection, may not be pursued in this action.

D.   <u>Conclusion</u>

The court finds that plaintiff's second amended complaint states cognizable claims for relief under section 1983 against defendants Melo, Guerra, James, Smith, Mendoza, and Cruz for use of excessive force and denial of equal protection.  However, the court finds that plaintiff's second amended complaint does not state a cognizable free exercise claim or a cognizable due process claim.  The court will provide plaintiff with the opportunity to file a third amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a third amended complaint and wishes to proceed against defendants Melo, Guerra, James, Smith, Mendoza, and Cruz on his excessive force and equal protection claims only, plaintiff may so notify the court in writing.  The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff six summonses and six USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Melo, Guerra, James, Smith, Mendoza, and Cruz.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

8

1   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3   original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

6   625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

7   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

8   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

9   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

10  588 F.2d 740, 743 (9th Cir. 1978).

11      Based on the foregoing, it is HEREBY ORDERED that:

12      1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

13      2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

14              a.      File a third amended complaint curing the deficiencies identified by the court

15                      in this order which are curable, or

16              b.      Notify the court in writing that he does not wish to file a third amended

17                      complaint and wishes to proceed only against defendants Melo, Guerra,

18                      James, Smith, Mendoza, and Cruz for use of excessive force and denial of

19                      equal protection; and

20      3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to

21              obey a court order.

22

23  IT IS SO ORDERED.

24  **Dated:    May 24, 2006**              _____**/s/ Lawrence J. O'Neill**_____
    b9ed48                             UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        9