# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BACHMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O M. MELO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01438-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING FOURTH AMENDED COMPLAINT BE SERVED ON DEFENDANTS AS TO EXCESSIVE FORCE CLAIM, AND DUE PROCESS AND EQUAL PROTECTION CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 28)<br><br>OBJECTION, IF ANY, DUE WITHIN THIRTY DAYS |

I. <u>Findings and Recommendations Following Screening of Fourth Amended Complaint</u>

　　A. <u>Screening Requirement</u>

　　Plaintiff Donald C. Bachman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 15, 2005. On December 7, 2005, plaintiff filed a first amended complaint and on January 30, 2006, plaintiff filed a second amended complaint. The court screened plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and on May 25, 2006, the court ordered plaintiff to either file a third amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable by the court. Plaintiff opted to file a third amended complaint on June 22,

///

///

2006. On July 17, 2006, plaintiff filed a fourth amended complaint, which is the subject of this Findings and Recommendations.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

---

[1] In the fourth amended complaint, plaintiff requests the address of the Attorney General's Office so he may serve defendants. (Doc. 28, pgs. 13 & 14.) Plaintiff is required to serve defendants with his filings *only after* they are served with summons and complaint, and make an appearance in this action. Once they are served and make an appearance, plaintiff will receive notice of defense counsel's name and address via the motion or answer filed on defendants' behalf by counsel.

2

Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B. Plaintiff's Claims

  The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff is seeking monetary, declaratory, and unspecified injunctive relief. Plaintiff names prison staff members M. Melo, A. Guerra, L. James, and M. Smith as defendants.

  In his fourth amended complaint, plaintiff alleges that on April 15, 2005, he was escorted from his cell by defendant Melo, purportedly for a dental appointment. During the escort, Melo asked plaintiff, "Why is a nice Jewish gay boy suing an officer?" (Doc. 28, 6:19-20.) Plaintiff was placed in holding cell by Melo for approximately five minutes. Melo returned and told plaintiff he would not be seeing the dentist. Plaintiff, who uses a cane and has problems with his balance, cuffed up, and as he was backing out of the cell, Melo tripped him, causing him to fall on his back and hit his head. Plaintiff turned over on his stomach and looked up, and Melo kicked the back of his left hand and backhanded him on the left side of his mouth, telling him to drop the Kuhn case and calling him a "Christ killing Jewish fag."[2] (Id., 7:7-12.) Plaintiff alleges that defendant Guerra came over and asked if plaintiff was the Jewish fag suing, and began jumping up and down on plaintiff's right ankle. Defendants James and Smith then entered the office, and defendant Smith kicked plaintiff in the nose, causing it to bleed. (Id., 5:18-21.) Defendant James kicked plaintiff above his right eye. Plaintiff alleges he sustained a bump on his left hand, a bloody nose, a bruise above his right eye, and a bump on the back of his head, but he was cleared medically by Olivos, who did not document his injuries.

  Plaintiff alleges that on April 22, 25, and 29, 2005, defendant Melo told him not to file suit and if he did, she would kill him and make it look like a suicide.

---

[2] The court takes judicial notice of the fact that plaintiff is proceeding in the Sacramento Division in case number 2:03-cv-01735-LKK-PAN Bachman v. Kuhn.

3

1.  Excessive Force Claim

Plaintiff alleges a claim for relief for use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court finds that plaintiff's allegations are sufficient to give rise to an excessive force claim against defendants Melo, Guerra, James, and Smith. Fed. R. Civ. P. 8(a); Swierkiewicz, 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Therefore, the court recommends that the fourth amended complaint be served on defendants as to this claim.

### 2. Due Process Claim

Plaintiff clearly alleges a claim for excessive force. Plaintiff also alleges that he has a right to life, liberty, and justice under the Fourteenth Amendment, although it is not entirely clear if plaintiff is attempting to pursue a claim for violation of the Due Process Clause. To the extent that plaintiff is attempting to pursue such a claim, the claim fails.

The Due Process Clause protects against the deprivation of liberty without due process of law.[3] Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected liberty interest by defendants. For this reason, plaintiff may not pursue a claim for relief under section 1983 for deprivation of due process. The allegations set forth in plaintiff's fourth amended complaint involve the use of excessive physical force against him and therefore fall within the purview of the Eighth Amendment, as discussed in the preceding subsection. The court recommends that plaintiff's due process claim be dismissed, with prejudice.

### 3. Equal Protection Claim

Plaintiff alleges that he was discriminated against, although it is not entirely clear from the fourth amended complaint if plaintiff is actually attempting to pursue a claim for violation of the Equal Protection Clause or not. To the extent that he is, no such claim is stated in the complaint.

---

[3] Neither plaintiff's life nor property was taken. Therefore, the claim is necessarily one for deprivation of liberty without due process of law.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although plaintiff alleges he was called names by defendants, he has not set forth any facts supporting a claim that he discriminated against by defendants because he was Jewish and a homosexual. Accordingly, plaintiff fails to state a claim for relief for violation of the Equal Protection Clause. The court therefore recommends this claim be dismissed, with prejudice.

    C.    Conclusion

The court finds that plaintiff's fourth amended complaint states a cognizable claim for relief under section 1983 against defendants Melo, Guerra, James, and Smith for use of excessive force, in violation of the Eighth Amendment. However, the court finds that plaintiff's fourth amended complaint does not state any other claims for relief under section 1983. Plaintiff has previously been given leave to amend and provided with the applicable legal standards for due process and equal protection claims. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the court HEREBY RECOMMENDS that:

1. This action proceed on plaintiff's fourth amended complaint, filed July 17, 2006, against defendants Melo, Guerra, James, and Smith for use of excessive force, in violation of the Eighth Amendment; and

2. Plaintiff's due process and equal protection claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.
10  Dated:   **February 27, 2007**           **/s/ Dennis L. Beck**
    3b142a                              UNITED STATES MAGISTRATE JUDGE