# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD C. BACHMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O M. MELO, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-01438-OWW-GSA PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 53) |

      On February 19, 2008, Plaintiff Donald C. Bachman ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, was ordered to file a response to Defendants' motion to dismiss within thirty days. More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

      Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

1  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
2  address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
3  comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
4  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
5  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
6  rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of
7  litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the
8  public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
9  alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130;
10 <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

11       In the instant case, the Court finds that the public's interest in expeditiously resolving this
12 litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
13 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of
14 injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air</u>
15 <u>West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
16 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
17 Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal
18 satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262;
19 <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file
20 a response to Defendants' motion expressly stated: "The failure to comply with this order will result
21 in dismissal of this action, with prejudice, for failure to obey a court order and failure to prosecute."
22 Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the
23 Court's order.

24       Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to obey the
25 Court's order and failure to prosecute.

26 IT IS SO ORDERED.

27 **Dated:   April 17, 2008**              /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE
28